IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GEORGIAN ELLISON                                                                        PLAINTIFF

v.                                    Civil No. 04-3012

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Georgian Ellison, appealed to this Court from the termination of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On March 28, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #15 & 16).

Plaintiff's attorney, Rick Spencer, filed a Motion For Approval of Application For Attorney Fees Under *The Equal Access to Justice Act* (hereinafter the "*EAJA*"), on June 3, 2005 (Doc. #17-20). The Commissioner filed her Response on June 20, 2005 (Doc. #21). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter. The Commissioner does not object to the award of reasonable attorney fees and expenses under the *EAJA*, and does not object to the hourly rate requested by plaintiff's counsel, she does object to the number of hours

claimed by counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*.[1] Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation;

---

[1] In his motion and brief in support, counsel for the plaintiff seeks, alternatively, the award of a fee under *42 U.S.C. § 406(b)* (Doc. #17, p. 2 and Doc. #18, p. 1). The Commissioner objects and asserts that counsel's request for a fee under this statute is premature, as there has not yet been a favorable decision after this court's remand of the matter. We agree, and that portion of counsel's fee request is denied.

AO72A
(Rev. 8/82)

the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A).* Plaintiff's attorney requests an award under the *EAJA,* at the rate of $140.00 per hour for the 17.5 hours which he asserts were devoted to the representation of plaintiff in this Court. In support of his request for a higher hourly rate, he has attached a copy of the Consumer Price Index indicating an increase in the cost of living (Doc. #18, attachment).

Without objection, we note that an award based upon this hourly rate, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990). Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $140.00 per hour.

Further, we have reviewed counsel's itemization of time attached to his Affidavit (Doc. #20, Exhibit A). The Commissioner objects to the number of hours for which counsel seeks compensation, on the basis that counsel is seeking compensation "for work that does not require an attorney's expertise" (Doc. #21, p. 3). Specifically, the Commissioner objects to the following: .5 hours on February 4, 2002 (letter to clerk enclosing Application to Proceed In Forma Pauperis, Summons and Complaint. Preparation of Summons. Review of file); .75 hours on February 29, 2004 (Letter to U.S. Attorney, U.S. Attorney General, and the Commissioner enclosing the Complaint and Summons. Review of file); .25 hours on April 14, 2004 (Letter to Clerk enclosing Affidavit of Service. Review of file; .25 hours on

July 19, 2004 (Letter to Clerk enclosing Motion for Extension. Review of File); .25 hours on July 21, 2004 (Letter to Client enclosing copy of Defendant's Appeal Brief. Review of file); and, .25 hours on April 22, 2005 (Letter to Client enclosing Affidavit of Plaintiff. Review of file). Work which could have been performed by support staff is not compensable under the *EAJA*. See *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir.1987). Thus, two and one quarter (2.25) hours of the time for which compensation is sought must be deducted.

The Commissioner also objects to 7 hours of time spent on "Conference with Client. Review of File" on March 15, 2004, May 20, 2004, August 13, 2004, October 15, 2004, November 19, 2004, January 21, 2005 and March 16, 2005, stating:

> First, the Commissioner objects to these generic, boilerplate entries because they lack the requisite specificity for recovery. See *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir.2004) (finding that the generic entries of "research and writing" are inadequate to meet the fee applicant's obligation to present well-documented claims). Such entries are inadequate because Counsel does not state the purpose or subject matter of these repeated conferences and review of the file. *Id.* The Commissioner would further object to these entries on grounds that they are excessive and redundant. With the exception of entries on March 15, 2004 and May 20, 2004, the other five entries occurred after the Court denied Plaintiff's Motion for Extension of Time to file her belated appeal brief and after the Commissioner filed her appeal brief. Counsel did not conduct any work on this case at this time; rather, the parties were simply waiting for the Court to issue a judgment. Furthermore, Counsel claimed he spent 15 hours conferring with Plaintiff and reviewing the file at the administrative level as well. See Pl. App. at Ex. "A." After the excessive amount of time spent conferring with Plaintiff and reviewing the file at the administrative level, Counsel does not need an additional 7 hours to review the same exact information. See *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898, 900 (E.D.Ark 1989) (finding that periodic review of files is entirely appropriate, but one seems excessive, particularly since counsel did not report any work on the matter for another week). Accordingly, the Commissioner requests that the Court should, at a minimum, reduce the 7.00 hours to 2.00 hours.

AO72A
(Rev. 8/82)

(Doc. #21, p. 4). The undersigned, however, believes that counsel may have a legitimate need to periodically review a client's file, depending on the posture of the case during certain time periods, and the issues may vary slightly, for the same reason. Accordingly, only four (4) hours will be deducted from the amount of compensable time sought.

The Commissioner next objects to the requests for compensation for one (1) hour of time expended on drafting two motions for extensions of time to file plaintiff's appeal brief, and one (1) hour of time to "review the Court's very brief and identical orders denying these motions, specifically, work done on June 16, 2004, July 7, 2004, July 19, 2004 and August 10, 2004. The Commissioner points out that counsel was granted one extension by the undersigned on May 26, 2004, extending the deadline for filing plaintiff's appeal brief to June 18, 2004, and further states:

> It is respectfully submitted that Counsel's inability to meet the deadlines set out by the Court should not result in additional compensation, particularly since Counsel has already been granted one extension. As these 2.00 hours of time were not related to the legal representation of Plaintiff but rather an opportunity to allow Counsel additional time to draft a pleading, the Commissioner respectfully submits that compensation for these activities would not serve the purposes of the EAJA and should be denied. See *Browning v. H.H.S., 744 F.Supp. at 900)* (finding that it was unreasonable for counsel to be paid for obtaining an extension of time which was entirely for counsel's convenience.

(Doc. #21, p. 5). We agree, and will deduct two (2) additional hours from the compensable time sought.

Finally, the Commissioner objects to the two (2) hours spent by counsel preparing his itemization of time, Exhibit "A" which details his work performed at the administrative level. Counsel may not recover *EAJA* fees for work performed prior to the filing of the

-5-

AO72A
(Rev. 8/82)

district court action. See *Kelly v. Bowen, 862 F.2d, 1333, 1335 (8th Cir.1988)*. There is apparently a distinction, however, between Exhibit "A" and Exhibit "A-1" to his Affidavit (Doc. #20). Counsel claims 2.00 on April 22, 2005 for "Preparation of Exhibit A. Review of file." This concerns his time spent before the agency. Counsel also claims 2.00 on April 22, 2005, for "Preparation of Exhibit "A", which is actually titled "Exhibit A-1 Professional Services Rendered Before the Court." The defendant's point is persuasive, and the undersigned will deduct an additional one (1) hour from the sum total of hours for which compensation is sought. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 8.25 hours.

Accordingly, we find that counsel is entitled to compensation for 8.25 hours at the rate of $140.00 per hour, for a total attorney's fee award of $1,155.00 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 26th day of September, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)